**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSIE DELACRUZ MILO,<br><br>  Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>  Respondent. | Case No.: 1:21-cv-01253-JLT-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 20) |

The assigned magistrate judge issued Findings and Recommendations that Respondent's Motion to Dismiss be granted, and the Petition be dismissed for lack of federal habeas jurisdiction or as untimely.  (Doc. 20.)  Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within 14 days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Petitioner timely filed objections to the Findings and Recommendations.  (*See* Doc. 21.) First, as argued in his opposition to the Motion to Dismiss, Petitioner contends this Court has jurisdiction because he is claiming deprivation of a state created liberty interest without the "opportunity to be heard." (Doc. 21 at 2.)  Second, he argues the Petition was timely because AEDPA's statute of limitations period began to run when the "factual predicate of the claim could

have been discovered," which, according to Petitioner, was in December 2018 "when he met Inmate Sturges and became aware of the violation of Due Process and Equal Protection of Law." (*Id*. at 3-4). Third, as argued in his opposition to the Motion to Dismiss, Petitioner asserts that he was entitled to equitable tolling because he acted diligently and delivered his documents within the expiration of the AEDPA limitations period but "was dependent on prison officials to provide him certificate copies [and] proof of service." (*Id*. at 4.) None of these arguments undercut the analysis of the Court when issuing the findings and recommendations.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the Petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 23, 2022, (Doc. 20), are **ADOPTED** in full.

2

    2.      Respondent's Motion to Dismiss (Doc. 15) is **GRANTED**.

    2.      The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

    3.      The Court declines to issue a certificate of appealability.

    4.      The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **June 24, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE